# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VALENZUELA, | CASE NO. 1:08-cv-01266-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| C/O FRY, | (Doc. 1) |
| Defendant. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff John Valenzulea ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 28, 2008. In his complaint, Plaintiff alleges that he has filed a grievance and is waiting for a response. The incident of excessive force at issue in this action occurred on June 8, 2008, and Plaintiff's complaint is accompanied by an Inmate Appeal Assignment Notice notifying Plaintiff that his appeal has been sent to the second level of review for a response. The notice is dated July 8, 2008.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief

1  sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S.

2  731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating

3  to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

4       In order to satisfy section 1997e(a), California state prisoners are required to use the available

5  process to exhaust their claims prior to filing suit.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378,

6  2383 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the PLRA and

7  . . . unexhausted claims cannot be brought in court."  <u>Jones</u>, 127 S.Ct. at 918-19 (citing <u>Porter</u>, 435

8  U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet

9  federal standards, nor must they be 'plain, speedy, and effective.'"  <u>Porter</u>, 534 U.S. at 524 (quoting

10  <u>Booth</u>, 532 U.S. at 739 n.5).  There is no exception to the exhaustion requirement for imminent

11  harm.  Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted, this

12  action must be dismissed.  42 U.S.C. § 1997e(a); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir.

13  2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

14       Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without

15  prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims

16  prior to filing suit.

17       This Finding and Recommendation will be submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

19  **days** after being served with this Finding and Recommendation, Plaintiff may file written objections

20  with the Court.  The document should be captioned "Objection to Magistrate Judge's Finding and

21  Recommendation."  Plaintiff is advised that failure to file objections within the specified time may

22  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23

24  IT IS SO ORDERED.

25  **Dated:    October 3, 2008**                              **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE

26

27

28